UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re:<br>PAUL A. MORABITO,<br>                    Debtor.<br>JH, INC., *et al.*,<br>                    Plaintiffs,<br>    v.<br>PAUL A. MORABITO.,<br>                    Defendant.<br>PAUL A. MORABITO,<br>                    Appellant,<br>    v.<br>JH, INC., *et al.*,<br>                  Appellees. | Case No. 3:19-cv-00035-MMD<br><br>ORDER |

**I.     SUMMARY**

Appellant Paul A. Morabito appeals the United States Bankruptcy Court for the District of Nevada's ("Bankruptcy Court") January 3, 2019 orders granting Appellees'[1] motions for authorization to register judgment (resulting in the "Registration Order" (ECF No. 9 at 55-57)) and application for judgment debtor exam (resulting in the "Judgment Debtor Order" (*Id.* at 41-53)) (collectively, "Orders"). (ECF Nos. 1, 8 at 7.) Appellant primarily argues the Bankruptcy Court abused its discretion in entering the Registration Order because the judgment it permitted Appellees to register, the "Nondischargeability

---

[1]Appellees are JH, Inc., Maryana Herbst, as trustee of the Herbst Family Trust Dated September 17, 2002, and Berry-Hinckley Industries.

Judgment" (ECF No. 9 at 303-304), was either not a money judgment, or to the extent the Bankruptcy Court entered the Nondischargeability Judgment as a redundant federal money judgment, the Bankruptcy Court should not have.[2] (ECF No. 8 at 10.) The Court is unpersuaded by Appellant's arguments. Thus, and as further explained below, the Court affirms the Bankruptcy Court's Orders.

## II. BACKGROUND

This is Appellant's second appeal to this Court from the same underlying bankruptcy proceedings. *See In re Morabito*, 596 B.R. 718 (D. Nev. 2019) ("*First Appeal*") (affirming the Bankruptcy Court's decisions challenged in that appeal), *currently on appeal sub nom. In re: JH, Inc.*, *et al. v. Paul Morabito*, Case No. 19-15322 (9th Cir. Filed Feb. 25, 2019). The Court also previously issued a written decision on Appellant's recusal motion in this appeal, in which the Court declined to recuse itself. (ECF No. 23.) The Court refers to those prior orders for the factual background of this case. (*Id.* at 2-5.) *See also First Appeal*, 596 B.R. at 721-25.

As relevant here, the Bankruptcy Court issued the Nondischargeability Judgment in Appellees' favor in the underlying bankruptcy proceedings. Incorporating by reference the Bankruptcy Court's Memorandum Decision filed April 30, 2018 ("Memorandum Decision"), and its Amended Findings of Fact and Conclusions of Law also filed April 30, 2018 ("AFFCL"), the Nondischargeability Judgment provides that Appellees:

> have satisfied their burden of proof and proven all the necessary requirements to obtain a nondischargeable judgment under 11 U.S.C. § 523(a)(2), and the $85,000,000.00 less the value of any payments made by Defendant, owed to the Plaintiffs by Defendant, is a nondischargable debt. The Court finds in favor of Plaintiffs on the First and Second causes of action.

(ECF No. 9 at 304.) This Nondischargeability Judgment was also the subject of the *First Appeal*, where the Court found the Bankruptcy Court did not abuse its discretion in finding

---

[2] The Court also reviewed Appellees' responsive brief (ECF No. 19), and Appellant's reply (ECF No. 22).

2

this $85 million debt that originated in a state-court confession of judgment (the "COJ") nondischargeable.[3] *See* 596 B.R. at 727-28.

As mentioned above, the Nondischargeability Judgment incorporated by reference two concurrently-filed written decisions of the Bankruptcy Court. Both merit brief discussion because they are relevant to the Court's analysis herein. The Bankruptcy Court entered both the Memorandum Decision and the AFFCL after a bench trial on a cause of action not directly relevant to the Nondischargeability Judgment, except for the fact that Appellant testified at the trial, allowing the Bankruptcy Court to evaluate his credibility and make findings that Appellant engaged in fraudulent conduct. (ECF No. 20-10 at 13-18.) In the AFFCL, the Bankruptcy Court wrote that the evidence presented at that trial "provided additional facts establishing that [Appellant] engaged in fraud, supporting a judgment of nondischargeability[.]" (ECF No. 9 at 317.) Similarly, the Bankruptcy Court wrote in the Memorandum Decision that "[t]he evidence and testimony at the Trial reinforced the Court's fraud findings[.]" (ECF No. 20-10 at 3.) The Bankruptcy Court also found that Appellant "made intentional misrepresentations regarding material facts, intending for [Appellees] to rely upon them." (*Id.* at 14.) Thus, the Bankruptcy Court itself found that Appellant committed fraud beyond the fraud indirectly captured in the COJ. (*Id.* at 3.)

Appellees' efforts to collect on the Nondischargeability Judgment led to this appeal. More specifically, Appellees moved for authorization to register the Nondischargeability Judgment under 28 U.S.C. § 1963. (ECF No. 9 at 290-301.) Appellees were motivated to register the Nondischargeability Judgment in the Central District of California and the

---

[3]The key questions in this appeal relate to the interaction between the COJ and the Nondischargeability Judgment. One of Appellant's arguments is that the Nondischargeability Judgment merely declares that the COJ is nondischargeable, but does not constitute a separate federal money judgment. (ECF No. 8 at 26-27.) For context, the COJ was entered in Nevada State Court following Appellant's failure to comply with the terms of a settlement agreement resolving an underlying state court action and related appeals between Appellant and Appellees—it is a state court judgment. See *First Appeal*, 596 B.R. at 723. The Nondischargeability Judgment is, as discussed *infra*, a federal judgment entered by the Bankruptcy Court. (ECF No. 9 at 303-4.) But the $85 million referred to in the Nondischargeability Judgment is the amount of the COJ. (ECF No. 20-10 at 11.) Thus, the two judgments are related.

District of Arizona under section 1963 because they understood that Appellant had left Nevada, was residing in Palm Springs, and had a brother in Arizona. (*Id.* at 294-95.) They also alleged Appellant had assets in both California and Arizona that he moved from Nevada after judgment was entered against him in state court. (*Id.* at 295-96.) The Registration Order reflects that the Bankruptcy Court granted this motion. The Bankruptcy Court also granted Appellees' related request for a judgment debtor exam to assist in their collection efforts in the Judgment Debtor Order.

Appellant raised the argument he now raises in this appeal for the first time in opposing Appellees' motions to register the Nondischargeability Judgment and related motion for a debtors exam. Because 28 U.S.C. § 1963, upon which Appellees relied in obtaining the Registration Order, only applies to "money judgments," Appellant opposed Appellees' motions leading to the Orders in part because the Nondischargeability Judgment is not a "money judgment." (ECF No. 9 at 257-270.) While the Registration Order and Judgment Debtor Order do not explicitly discuss money judgments, the Bankruptcy Court placed findings on the record at a hearing he held in advance of issuing them stating that the Nondischargeability Judgment is a money judgment. (ECF No. 9 at 186-188.)

## III. LEGAL STANDARD

A bankruptcy court's conclusions of law are reviewed de novo, "including its interpretation of the Bankruptcy Code," and its factual findings are reviewed for clear error. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005); *see also In re Salazar,* 430 F.3d 992, 994 (9th Cir. 2005). In reviewing a bankruptcy court's decision, this Court ignores harmless errors. *See In re Mbunda*, 484 B.R. 344, 355 (B.A.P. 9th Cir. 2012). The Court may affirm the Bankruptcy Court's decision "on any ground fairly supported by the record." *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009).

The parties agree, and the Court finds, that this Court reviews the Bankruptcy Court's Registration Order for abuse of discretion. (ECF Nos. 8 at 10, 19 at 8.) *See also*

4

*In re Sasson*, 424 F.3d 864, 867, 874-75 (9th Cir. 2005). "A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *In re Plyam*, 530 B.R. 456, 461-62 (B.A.P. 9th Cir. 2015) (citations omitted).

**IV.    DISCUSSION**

Appellant presents the related arguments on appeal that the Bankruptcy Court erred in entering the Registration Order either because the Nondischargeability Judgment is not a money judgment, the Bankruptcy Court did not intend to enter a redundant federal money judgment when it entered the Nondischargeability Judgment, or even if it did, it should not have. While it is not persuaded by them, the Court addresses these arguments below, after first describing the applicable legal framework.

To start, there is no dispute that "the Bankruptcy Court has jurisdiction to enter a monetary judgment on a disputed state law claim in the course of making a determination that a debt is nondischargeable." *In re Sasson*, 424 F.3d at 867-68 (citing *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1016 (9th Cir.1997)). "The fact that a debt has been previously liquidated to judgment does not deprive the bankruptcy court of jurisdiction, nor of any of its statutory and equitable power." *Id.* at 870. And that equitable power, while not unfettered, extends to the power to issue any order, process, or judgment necessary or appropriate to carry out the provisions of the bankruptcy code, so long as the Bankruptcy Court's actions do not conflict with the bankruptcy code. *See id.* at 869. The Bankruptcy Court thus has the "authority to enter a money judgment in conjunction with its nondischargeability order." *See id.* at 874.

But that does not mean the Bankruptcy Court should necessarily enter a money judgment in conjunction with its nondischargeability order where the nondischargeability order is based on an underlying state court judgment because of prudential concerns, such as comity. *See id.* at 874-5. That said, "these prudential issues are best committed

5

to the judgment of the bankruptcy court, subject to review for abuse of discretion." *Id.* at 875. Further, because of an overriding purpose of applicable sections of the bankruptcy code is to protect victims of fraud, "a bankruptcy court does not act outside the purposes of the Bankruptcy Code by providing victims of fraud an additional means of enforcing a nondischargeability judgment in an appropriate case." *Id.* An appropriate case includes a case where the debtor engages in fraud after entry of the state-court judgment. *See id.* It also includes cases where the debtor "is clearly attempting to manipulate both the federal and state court systems to avoid paying the debt[.]" *Id.*

As even Appellant does not dispute that the Bankruptcy Court had the power to enter a redundant money judgment (ECF No. 22 at 5-6), the Court therefore faces two questions: (A) did the Bankruptcy Court enter a money judgment when it entered the Nondischargeability Judgment; and (B) if it did, did it abuse its discretion in doing so? The Court answers the first question in the affirmative, and the second question in the negative.

### A. Is the Nondischargeability Judgment a Money Judgment?

Appellant argues that the Bankruptcy Court erred in granting the Orders because the Nondischargeability Judgment is not a money judgment, primarily because Appellant argues Appellees did not ask for a money judgment, and the Bankruptcy Court did not understand the Nondischargeability Judgment to be a money judgment. (ECF No. 8 at 24-27.) Appellees respond that both their operative complaint and a plain reading of the Nondischargeability Judgment show that it is a money judgment, and not merely a declaration that the COJ was nondischargeable. (ECF No. 19 at 22-23.) Appellees also argue that the Nondischargeability Judgment is a money judgment because it satisfies the Ninth Circuit's test for what constitutes a money judgment. (*Id.* at 19-21.)

The Court is persuaded that the Nondischargeability Judgment is a money judgment because it satisfies the Ninth Circuit's applicable test, and the record shows that the Bankruptcy Court was extensively presented with arguments regarding whether it was a money judgment before it entered the Orders. First, the test. "[A] money judgment

consists of two elements: (1) an identification of the parties for and against whom judgment is being entered, and (2) a definite and certain designation of the amount which plaintiff is owed by defendant." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1101 (9th Cir. 2011) (citations omitted). The Nondischargeability Judgment specifies that Appellant owes Appellees $85 million less the value of any payments already made by Appellant. (ECF No. 9 at 303-4.) Thus, it satisfies this basic test.

But moving on to the heart of Appellant's argument, the Court concludes after reviewing the record that the Bankruptcy Court entered a redundant money judgment when it entered the Nondischargeability Judgment, even though the Nondischargeability Judgment uses phrasing typical of a declaratory judgment. The reason for this is simple—the Bankruptcy Court said so. (ECF No. 9 at 186-188.) The Bankruptcy Court made this finding in the second of two hearings, and after a round of supplemental briefing where the parties presented their interpretation of the same body of caselaw they present to this Court on appeal. (*Id.*; *see also* ECF No. 8 at 16-17.) The Bankruptcy Court therefore had the relevant issues presented to it, and understood the decision it was making. Further, in reaching its decision that the Nondischargeability Judgment is a money judgment, the Bankruptcy Court discussed and expressly relied on *In re Sasson*, 424 F.3d 864, which the Court agrees governs the analysis here. (ECF No. 9 at 171-188.) Thus, the Bankruptcy Court applied the correct law. In sum, the Court finds that the Bankruptcy Court did enter the Nondischargeability Judgment as a redundant federal money judgment.

### B. Did the Bankruptcy Court Abuse Its Discretion in Entering the Nondischargeability Judgment as a Redundant Money Judgment?

Appellant's other argument on appeal is that the Bankruptcy Court should not have entered the Nondischargeability Judgment as a redundant money judgment because the requisite unusual circumstances present in *In re Sasson* are not present in this case. (ECF

No. 8 at 27-29.) Appellees counter that the circumstances here are like the circumstances present in *In re Sasson*. (ECF No. 19 at 28-29.) The Court agrees with Appellees.

The Bankruptcy Court did not abuse its discretion in entering the Nondischargeability Judgment as a redundant money judgment because the Bankruptcy Court made explicit findings that Appellant's fraudulent conduct continued well after the COJ was entered, and included "continued examples of inconsistent or incredible positions taken" in the underlying bankruptcy proceedings themselves. (ECF No. 9 at 187.) These circumstances make this case more like *In re Sasson* than the other cases upon which Appellant relies. (ECF No. 8 at 18-24, 23-24 (citing cases in an attempt to distinguish *In re Sasson*).) Here, like *In re Sasson*, "the bankruptcy court concluded that the debt was nondischargeable because the debtor had engaged in fraud" in part "[b]ased on the debtor's post-state judgment behavior[.]" 424 F.3d at 875; *see also* ECF No. 9 at 186-87 (providing reasoning as to why the Nondischargeability Judgment is a redundant federal money judgment). The Court further finds that the Bankruptcy Court permissibly exercised its broad equitable powers to fashion appropriate relief in light of the bankruptcy code's purpose of protecting victims of fraud. *See In re Sasson*, 424 F.3d at 869, 875. In other words, the Bankruptcy Court's findings as to Appellant's ongoing fraudulent conduct are the unusual circumstances supporting its determination that the Nondischargeability Judgment is a redundant federal money judgment. The Bankruptcy Court therefore did not abuse its discretion in entering the Orders.

In sum, the Court affirms the Bankruptcy Court's Orders.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of this appeal.

It is therefore ordered that the Bankruptcy Court's Orders are affirmed.

///

The Clerk of Court is directed to enter judgment in accordance with this order, forward a copy of this order to the Bankruptcy Court, and close this case.

DATED THIS 17th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE